IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LYNN McDONALD-CUBA,

        Plaintiff,

vs.                                                                                     No.

SANTA FE PROTECTIVE SERVICES, INC.

        Defendant.

**COMPLAINT FOR DAMAGES FROM VIOLATION OF TITLE VII
AND THE NEW MEXICO HUMAN RIGHTS ACT AND DEFAMATION**

Plaintiff Lynn McDonald-Cuba complains of Defendant Santa Fe Protective Services, Inc. ("SFPS") as follows:

**THE PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a citizen of New Mexico residing in Bernalillo County.

2. SFPS is, upon information and belief, a New Mexico corporation in the business of providing security services with its principle place of business in Bernalillo County.

3. Plaintiff's claims arise, in part, under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*). This Court, therefore, has subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and state-law claims under 28 U.S.C. § 1367(a).

4. Venue is proper in the District of New Mexico under 28 U.S.C. § 1391(b).

5. Plaintiff has exhausted her administrative remedies and timely filed this action as follows:

    a.    Plaintiff filed a charge of discrimination and retaliation, Charge No. 543-2008-00260, with the Equal Employment Opportunity Commission ("EEOC") and the New Mexico Human Rights Division ("HRD").

    b.    The EEOC issued a Dismissal and Notice of Rights to Plaintiff, which was mailed on March 6, 2009.

    c.    The HRD issued an Order of Nondetermination to Plaintiff on March 10, 2009.

## GENERAL ALLEGATIONS

6.    Defendant employed Plaintiff as financial account manager beginning in 2005.

7.    SFPS promoted Plaintiff to Director of Finance and Accounting in March of 2007 and gave Plaintiff a six percent annual pay increase based on her outstanding performance.

8.    Defendant's President, Christina Maki, told Plaintiff at the time of Plaintiff's March 2007 promotion that six percent was the highest annual percentage pay increase that any SFPS employee was eligible for at that time.

9.    Plaintiff later learned that certain male employees of SFPS received substantially higher annual percentage pay increases in 2007 than the six percent Ms. Maki told Plaintiff was the highest any employee was eligible for in March of 2007.

10.    Plaintiff complained about this annual percentage pay increase disparity between male and female employees at SFPS to Sherry Meier, Director of Human Resources at SFPS, on several occasions in the Summer and Fall of 2007.

11.    In November of 2007, Plaintiff told Ms. Meier that Plaintiff intended to complain in writing to Ms. Maki about this annual percentage pay increase disparity between male and female employees at SFPS.

12. Ms. Meier told Plaintiff that she risked retaliation from SFPS if she complained to Ms. Maki about this annual percentage pay increase disparity between male and female employees at SFPS.

13. Upon information and belief, Ms. Meier relayed the substance of Plaintiff's complaint about the annual percentage pay increase disparity between male and female employees at SFPS to Ms. Maki sometime between Thanksgiving and December 6, 2007.

14. On December 6, 2007, Ms. Maki summarily terminated Plaintiff's employment with SFPS.

15. SFPS's stated reason for terminating Plaintiff's employment was that she had a conflict of interest because Plaintiff was part-owner of Brahma Defense Enterprises, LLC ("BDE"), which SFPS viewed as a competitor in the security guard and patrol service field.

16. Upon information and belief, SFPS knew about BDE and Plaintiff's affiliation with BDE for several months before terminating Plaintiff's employment.

17. Upon information and belief, SFPS knew before terminating Plaintiff's employment that BDE had not competed with SFPS, including in the security guard and patrol service field, and did not have any plans to compete with SFPS.

18. Upon information and belief, SFPS knew before terminating Plaintiff that certain male employees at SFPS held interests outside SFPS that conflicted with their loyalty to SFPS and could be viewed as conflicts of interests far worse than the supposed conflict of interest SFPS stated Plaintiff had as part-owner of BDE.

19. Upon information and belief, SFPS's stated reason for terminating Plaintiff that she had a conflict of interest because Plaintiff was part-owner of BDE, which SFPS viewed as a competitor, was not the real reason for her termination, but rather a pretextual one.

20. Upon information and belief, SFPS's real reason for terminating Plaintiff's employment was retaliation for her complaining about the annual percentage pay increase disparity between male and female employees at SFPS.

21. Upon information and belief, SFPS made untrue statements to third parties, including the New Mexico Department of Workforce Solutions, about Plaintiff regarding her supposed conflict of interest and termination from employment with SFPS, e.g., that Plaintiff violated SFPS's "Restrictive Covenants Policy" by using or disclosing confidential information she learned in the course of her employment with SFPS for BDE's benefit.

22. Upon information and belief, SFPS made those statements about Plaintiff in a bad faith effort to retaliate against Plaintiff for her participation in protected activity.

23. Upon information and belief, SFPS made those statements to, among other things, prevent Plaintiff from obtaining unemployment compensation benefits and harm her ability to obtain future employment in a capacity similar to her position with SFPS.

24. As a result of SFPS's conduct above, Plaintiff has suffered loss of past wages and benefits and loss of future earning capacity.

## COUNT I

**GENDER DISCRIMINATION IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e, *et seq.*) AND THE NEW MEXICO HUMAN RIGHTS ACT (NMSA 1978 § 28-1-7(A))**

25. Plaintiff incorporates each and every foregoing paragraph as if fully set forth herein.

26. SFPS discriminated against Plaintiff in violation of Title VII and the New Mexico Human Rights Act on the basis of her gender in the terms, conditions, and privileges of her employment with SFPS by its conduct described above.

27. SFPS's gender discrimination against Plaintiff caused her loss of her wages and benefits, and loss of ability to obtain employment after SFPS terminated her, entitling her to compensatory and punitive damages and other relief including attorney's fees and costs.

## COUNT II

**RETALIATION IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e,** *et seq.***) AND THE NEW MEXICO HUMAN RIGHTS ACT (NMSA 1978 § 28-7-1(I)(2))**

28. Plaintiff incorporates each and every foregoing paragraph as if fully set forth herein.

29. SFPS retaliated against Plaintiff in violation of Title VII and the New Mexico Human Rights Act for her opposition to SFPS's unlawful gender discrimination against her by terminating her employment and making false statements to third parties about her termination and supposed conflict of interest regarding her part-ownership of BDE.

30. SFPS's unlawful retaliation against Plaintiff caused her loss of her wages and benefits, loss of ability to obtain unemployment compensation benefits, and loss of ability to obtain employment after SFPS terminated her, entitling her to compensatory and punitive damages and other relief including attorney's fees and costs.

WHEREFORE, Plaintiff Lynn McDonald-Cuba prays for an award of compensatory and punitive damages in an amount to be determined at trial together with an award of attorneys' fees and costs, and whatever further relief the Court deems just and proper.

Submitted by:

DAVIS & GILCHRIST, P.C.

*/s/ Bryan J. Davis*

Bryan J. Davis, Esq.
William G. Gilchrist, Esq.
117 Bryn Mawr Drive SE
Albuquerque, NM 87106
Tel: 505-435-9908
Fax: 505-435-9909
lawfirm@davisgilchristlaw.com

6