UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LYNN McDONALD-CUBA**,

   Plaintiff,

   v.                                                     **CIV. NO. 09-0554 WJ/DJS**

**SANTA FE PROTECTIVE SERVICES, INC.**,

   Defendant.

## **ORDER**

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Compel filed October 1, 2009 (Docket No. 26). Briefing was completed on October 19, 2009. By this motion, Plaintiff seeks an order compelling Defendant to provide an amended damages disclosure pursuant to Fed.R.Civ.P. 26(a) as well as her attorney's fees incurred in bringing the motion and other sanctions.

This action is a suit asserting gender discrimination and retaliatory discharge and seeking damages pursuant to Title VII and the New Mexico Human Rights Act. Plaintiff began working for Defendant as a part-time bookkeeper in 2005 and was eventually promoted to director of finance and accounting. However, she was terminated on December 6, 2007. Plaintiff asserts that Defendant discriminated against her and against other female employees based upon gender. Defendant asserts a counterclaim seeking damages for breach of contract, interference with economic advantage, and breach of duty of loyalty. Defendant claims that Plaintiff and her husband started a new company in direct competition with it during her employment with Defendant and that her termination was a result of that conflict of interest.

With respect to the instant motion, Plaintiff contends that Defendant has failed to meet its

obligation under Fed.R.Civ.P. 37(a)(3)(A) to disclose its calculation of the $6 to $8 million in damages sought pursuant to its counterclaim. Plaintiff contends that Defendant has failed to provide the evidentiary material upon which it bases its calculation and that the $2 million range in lost profits asserted by Defendant is so speculative that it would result in a denial of due process to Plaintiff if presented to a jury. Plaintiff further contends that pursuant to Fed.R.Civ.P. 37(a)(5)(A) she is entitled to attorney's fees for bringing the instant motion and argues that the court should impose sanctions pursuant to Fed.R.Civ.P. 37(c)(1)( c).   Defendant contends that is has properly disclosed it's calculation of damages.

Defendant states that it seeks damages resulting from breach of contract and states that it is claiming lost profit from a contract that it believes it would have been awarded to it if not for Plaintiff's alleged breach. In it's second amended Initial Disclosures, Defendant identified the source of that contract and, in it's calculation of damages, stated that it was claiming damages based upon percentages in it's proposal seeking that contract and that it would disclose those percentages upon entry of a protective order.

Rule 26 provides that "a party must, without awaiting a discovery request, provide ... a computation of each category of damages ... [and] the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." Fed.R.Civ.P. 26(a)(1)(A)(iii). The Court finds that Defendant's last damage disclosure, Exhbit F to Plaintiff's Motion to Compel, adequately states the category of damages sought by Defendant and it's means of computation of those damages, despite the wide monetary range represented. However, Defendant's failure to provide the documents or other evidentiary material upon which the computation is based is not justified. Defendant asserts that disclosure would be made upon entry of a protective order.  A protective order may be entered, upon a showing of good cause, to "protect

a party or person from annoyance, embarrassment, oppression, or undue burden or expense," and can include an order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed.R.Civ.P. 26(c) and (c)(7). The burden is on the party resisting discovery or dissemination to establish that the information sought should be subject to protection. Reed v. Nellcor Puritan Bennett & Mallinckrodt, 193 F.R.D. 689, 690 (D.Kan.2000). To meet this burden, the moving party must set forth specific facts showing good cause, not simply conclusory statements. Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16 (1981). Thus, Defendant must do more than simply allege that the documents are proprietary and confidential. Reed, 193 F.R.D. at 691. Defendant has failed to do so and is not justified in further delay of this matter based upon an unsupported claim that it is entitled to a protective order.

The Court finds that Plaintiff's request for attorney's fees and other sanctions is not well taken, as Defendant has provided a range of damages sought and the basis of its calculation of damages. The Court will require Defendants to promptly provide all documents supporting their damages claim, thereby mitigating any prejudice to Plaintiffs.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel is granted in part. Defendant shall provide all documents supporting all damages claimed by it, together with an explanation of those documents' relevance to the claimed damages, within eleven days of the entry of this order.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Defendants are reminded that Fed.R.Civ.P. 37( c)(1) provides a self-executing, automatic sanction for failure to timely provide damages evidence by excluding such evidence from trial, regardless of the lack of willfulness or bad faith behind the failure. See Hoffman v. Construction Protective Services, Inc., 541 F.3d 1175, 1180 (9th Cir. 2008).